UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

John Brancato,

             Debtor.

------------------------------------------------------------x
Robert L. Pryor, Esq., Chapter 7 trustee
Of the bankruptcy estate of John Brancato,

             Plaintiff,
    v.

Antoinette Brancato,

             Defendant.
------------------------------------------------------------x

Case No. 8-19-75686-las

Chapter 7

Adv. Proc. No. 8-20-08023-las

## MEMORANDUM DECISION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff Robert L. Pryor, as chapter 7 trustee of the bankruptcy estate of debtor John Brancato, brought this adversary proceeding against defendant Antoinette Brancato seeking authority pursuant to 11 U.S.C. § 363(h)[1] to sell both the estate's interest and the interest of defendant in the marital home located at 166 West Windsor Parkway, Oceanside, New York ("Real Property"). [Dkt. No. 1 ("Complaint")].

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O) that bankruptcy courts may hear and decide. 28 U.S.C. § 157(b)(1).

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)".

1

Now before the Court is defendant's motion to dismiss plaintiff's Complaint pursuant to Rule 12(b)[2] of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Bankruptcy Rule 7012(b). The Court has carefully considered the arguments and submissions of the parties in connection with the motion to dismiss. For the following reasons, the Court denies defendant's motion.

BACKGROUND[3]

The debtor filed for relief under chapter 7 of the Bankruptcy Code on August 14, 2019. He and defendant jointly own the Real Property. They are presently in the middle of a divorce action pending in the New York State Supreme Court, County of Nassau ("State Court"), and only defendant resides at the Real Property with their three minor children, who were aged 12, 15 and 16 at the time of the bankruptcy filing.

On February 5, 2020, plaintiff brought this adversary proceeding seeking authority pursuant to § 363(h) to sell both the estate's interest and the interest of defendant in the Real Property. The Complaint alleges that the debtor jointly owns the Real Property along with defendant as tenants by the entirety. Compl. para. 10. It also alleges that pursuant to the debtor's bankruptcy schedules, the Real Property has a current value of $490,000.00 and is encumbered by mortgage in the amount of $214,264.44. *Id.* paras. 12, 13. According to the Complaint, debtor's equity in the Real Property aggregates $137,867.78. *Id.* para. 14. The debtor, however, claimed a homestead exemption in the Real Property in the amount of

---

[2] Defendant, proceeding *pro se*, did not specify under which subsection of Rule 12(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") she is requesting dismissal of the Complaint. Based on the assertions made in the motion, the Court has treated the motion as seeking dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

[3] The facts stated are taken from plaintiff's Complaint, unless otherwise noted, and are accepted as true for purposes of this motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). References to the allegations in the Complaint should not be construed as a finding of fact by the Court, and the Court makes no such findings.

2

$170,825.00 per Schedule C filed in his bankruptcy case. *Id.* para. 15. In his capacity as trustee of the debtor's bankruptcy estate, plaintiff objected to the debtor's claimed homestead exemption. The objection was resolved by stipulation between plaintiff and the debtor in which the debtor agreed to carve out, for the benefit of the bankruptcy estate, forty percent of any amount that he would otherwise receive on account of his claimed homestead exemption from the proceeds of a sale of the Real Property. *Id.* para. 16. In short, as a result of the settlement of the claimed homestead exemption, plaintiff asserts that a sale of the Real Property will benefit the estate while at the same time providing funds to defendant in respect of her interest as the non-debtor co-owner of the Real Property.

According to the Complaint (i) partition of the Real Property between the estate and defendant is impracticable, (ii) sale of the estate's undivided interest in the Real Property would realize significantly less for the estate than the sale of the property free of the interest of defendant, (iii) the benefit to the estate to the sale of the Real Property free of the interest of defendant outweighs the detriment, if any, to defendant, and (iv) the Real Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power. *Id.* paras. 19-22.

On February 12, 2020, defendant moved to dismiss the Complaint asserting that the children have lived at the Real Property for sixteen years and one child is enrolled in a special program at the school he has attended his whole life. [Dkt. No. 6]. Defendant contends that debtor allowed the mortgage on the Real Property to fall in arrears in violation of a domestic support order entered in the matrimonial action. She also contends that most of the equity in the Real Property belongs to her because she has been carrying a total of $74,702 in marital debt and has been incurring expenses for the children. Defendant filed a letter in support of her motion reiterating the same arguments as in her motion to dismiss while also requesting an opportunity to purchase from the debtor's estate the Real Property so that her children

can continue to reside in the home. According to defendant, the purchase price must take into consideration the claims she has against the debtor and the equity in the Real Property. [Dkt. No. 11]. Defendant also asks the Court to consider that some work needs to be done to the home for safety issues and that too must be considered in any offer she may make to purchase the estate's interest in the Real Property. *Id*.

On March 11, 2020, plaintiff filed opposition to the motion to dismiss. [Dkt. No. 17]. Defendant filed a reply on March 17, 2020. [Dkt. No. 18]. Thereafter, the Court entered an order on June 16, 2020 modifying the automatic stay, to the extent it was implicated, to permit the matrimonial action between debtor and defendant to proceed with respect to dissolution of their marriage, including any proceeding that sought to determine the division of property, but continued the automatic stay with respect to any proposed disposition of an interest in the Real Property or any property of the debtor's estate.

While the parties were proceeding in the matrimonial action as permitted by the stay relief order, defendant filed additional papers in support of her motion to dismiss on May 6, 2021 and September 22, 2021. [Dkt. Nos. 19, 20]. Plaintiff filed supplemental opposition papers to defendant's motion to dismiss on October 7, 2021. [Dkt. No. 24]. Defendant filed a reply to plaintiff's supplemental opposition on October 15, October 19, and October 20, 2021. [Dkt Nos. 25, 26, 30].

The Court held a hearing in debtor's bankruptcy case on October 21, 2021 attended by plaintiff and defendant at which time the parties informed the Court of the status of the matrimonial action and a decision issued by the State Court in that action which, among other things, directed that the Real Property be sold. After apprising the Court of the status of the matrimonial action, defendant requested that the Court rule on her pending motion to dismiss plaintiff's Complaint in its entirety. The Court advised the parties that the motion to

4

dismiss was fully briefed as of October 20, 2021, and that a decision would be issued shortly. The Court adjourned the hearing to November 16, 2021.

## DISCUSSION

A. Motion to Dismiss under Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a)(2)[4]; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To meet this standard, a plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Although all well-pleaded factual allegations in the complaint are assumed true for purposes of a motion to dismiss, *see Koch*, 699 F.3d at 145, this principle is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported

---

[4] Fed. R. Civ. P. 8 is made applicable to adversary proceedings by Bankruptcy Rule 7008.

by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco*, 622 F.3d at 111 (citations omitted); *see also* Fed. R. Civ. P. 10(c)[5] ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). A court may also take judicial notice of matters of public record, including documents filed in other court proceedings, when considering a motion to dismiss. *See Kramer v. Time Warner Inc.,* 937 F.2d 767, 773–74 (2d Cir. 1991).

B. Analysis

Plaintiff seeks authorization to sell the estate's interest and the interest of defendant in the Real Property pursuant to § 363(h). Section 363(h) provides, in relevant part, that:

> the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in the property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweigh the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

---

[5] Fed. R. Civ. P. 10 is made applicable to this adversary proceeding by Bankruptcy Rule 7010.

Plaintiff argues that defendant's motion to dismiss must be denied as the Complaint sufficiently pleads all the elements sufficient to state a claim for relief under § 363(h), including a benefit to the estate.

In response, defendant does not dispute whether the elements of § 363(h) have been properly alleged in the Complaint. Rather, defendant contends that the Complaint should be dismissed because the detriment to her and her children from the sale of the Real Property outweighs the benefit that will inure to the estate. Defendant asserts that plaintiff fails to show how the needs of the estate outweigh the needs of her children as displacing the children would be disruptive and add stress to the current home environment. Defendant emphasizes that one of her children, who is enrolled in a special program at his school, needs a regimented schedule and an orderly and stable living environment. Defendant also contends that housing in the community is expensive and accommodating their housing needs elsewhere would far exceed the cost of them staying in the home. In short, defendant argues that the Complaint must be dismissed because plaintiff has not alleged facts demonstrating that the benefit to the estate from a sale of the Real Property outweighs the detriment to defendant and her children.

Plaintiff argues that it is premature to dismiss the Complaint on this ground as discovery is needed to (i) identify the detriment arising from the sale, (ii) determine the extent and/or magnitude of such detriment, (iii) determine the extent of defendant's financial and other resources which might enable her to mitigate any potential detriment that may result from the sale, (iv) determine whether the Real Property possesses any attribute that uniquely aids defendant's child with respect to his special school program, (v) determine how her child, who is in need of a special program at school, might be affected by a move to a new home, (vi) determine what special program defendant's child attends, and (vii) determine whether

suitable alternative lodging is available near the Real Property that would enable the child to remain in the special program.

Because the Court need only assess the legal feasibility of the Complaint and not consider the weight of the evidence which might be offered in support thereof, *DiFolco*, 622 F.3d at 113, the Court finds the allegations contained in the Complaint are sufficient for the purposes of stating a facially plausible claim under § 363(h). Accepting as true, for purposes of the motion to dismiss, the factual allegations as to the current value of the Real Property, the amount of the mortgage debt and the resulting equity, plaintiff has adequately plead that a sale of the estate's interest and the interest of defendant may result in a surplus of funds for the estate. The heart of the dispute, to wit, benefit to the estate versus detriment to the non-debtor co-owner, is not within the scope of a motion to dismiss. "Whether [p]laintiff can prove a benefit to the estate that outweighs any detriment to [defendant co-owner] is a factual determination that is beyond the scope of a motion to dismiss." *Gordon v. U.S. Bank, National Association (In re William)*, Case No. 15-55766-BEM, Adv. Pro. No. 19-5265-BEM, 2021 WL 2946141, at *7 (Bankr. N.D. Ga. July 13, 2021) (finding that allegations that the sale of the entire property would result in an increase in value that would outweigh any detriment to the co-owner as the co-owner would receive fifty percent of any net proceeds to be sufficient for purposes of pleading that a sale of the entire property is necessary for the estate to benefit from its fifty percent interest).

Defendant also argues that the Complaint must be dismissed because most of the equity in the Real Property belongs to her because she has been carrying a total of $74,702 in marital debt and has incurred ongoing expenses for the children. Debtor also asserts that the value of the Real Property may be less than what plaintiff claims due to repairs needed for the Real Property. Plaintiff, in his opposition, contends that the equitable interest of a non-debtor spouse in and to property titled to the debtor spouse are effectively cut off by the

intervening bankruptcy filing, leaving the non-debtor spouse with a general unsecured claim against the estate on account of her equitable distribution interest in property. *Musso v. Ostashko*, 468 F.3d 99, 107-108 (2d Cir. 2006); *Taub v. Taub*, 427 B.R. 208, 219 (Bankr. E.D.N.Y. 2010). Without addressing the merits of either parties' arguments, the Court notes that defendant's argument of an equitable interest in the debtor's share of his equity in the Real Property is beyond the scope of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *In re William*, 2021 WL 2946141, at *7.

## CONCLUSION

For the forgoing reasons, defendant's motion to dismiss the Complaint is denied. Pursuant to Bankruptcy Rule 7012(a), defendant shall file and serve an answer to the Complaint by December 10, 2021.

So Ordered.



**Dated: November 15, 2021**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**